## MARY E. INGHAM *vs.* LANSFORD WHITE.

Under *St.* 1845, *c.* 208, § 2, an ante-nuptial contract is absolutely void, if not recorded as therein required in the county in which the husband resides, if he is resident within this commonwealth.

Neither *St.* 1855, *c.* 304, nor *St.* 1857, *c.* 249, enables the bearer of a promissory note given by a husband to his wife, for a valuable consideration, and payable to her or bearer on demand, to maintain an action thereon against the maker.

CONTRACT upon two promissory notes, signed by the defendant, and payable to his wife, Melita White, or bearer, and by her transferred before her death to the plaintiff. Upon agreed facts, which are fully stated in the opinion, judgment was rendered in the superior court for the defendant; and the plaintiff appealed to this court.

*J. D. Colt & T. P. Pingree, Jr.*, for the plaintiff.

*H. W. Bishop*, for the defendant.

DEWEY, J. The legal rights of the parties do not seem to be affected by the instrument intended to operate as an ante-nuptial contract. By the provisions of *St.* 1845, *c.* 208, authorizing such contracts and prescribing the manner in which they are to be made, it is required that the contract, with a schedule of the property intended to be secured thereby, shall within ninety days after the making of the same, be recorded in the registry of deeds for the county in which the husband resides, if he is a resident in the Commonwealth; and it is further provided, "if not so recorded, said contract shall be void." This contract was not so recorded in the county of Berkshire, where both parties resided. The language of the statute declaring the same void in such cases is direct and positive, and we must give effect to it. It was urged at the argument, that the provision for recording was only required as a protection against creditors. That may have been one of the objects; but there may also have been other reasons for requiring this entry upon the public registry. We cannot feel authorized to introduce any limitation or exception to the plain words of the statute in relation to such contracts.

The rights of the parties in the present action are therefore to be settled irrespective of any such ante-nuptial contract.

The original parties to these promissory notes were married on the 2d of September 1846, and of course are not affected by *St.* 1855, *c.* 304, as the provisions in relation to the wife's holding her separate property exclusively to her own use, and under her own control, apply solely to those persons who might be married subsequently to the enactment of the statute.

In this state of the law as to the rights of married women, the first of the notes sought to be recovered in this action, bearing date March 13th 1856, for $560, was given by the defendant to his wife. This sum was realized from the sale of certain rights of dower of the wife in the real estate of her former husband. It was paid in money, and the same came to the defendant's hands from his wife, and he thereupon gave her this promissory note. The act of receiving the money to his own use, and thus reducing it to his possession without liability to repay the same, was an act competent for him to do, if he so elected. The note given by him to his wife, promising to pay her the like sum, was, as to her, of no validity, as it was not competent to contract the relation of debtor and creditor between husband and wife. This view of the case seems decisive against the right to recover as to the first note. The other note was given August 23, 1858, for the sum of $638.76. Prior to the giving of this note the *St.* of 1857, *c.* 249, was passed, and the next inquiry is as to the effect of that statute.

Assuming that the language in the first section of this statute, " the property, both real and personal, which any woman, who may now be married in this commonwealth, may now own as her sole and separate property," embraces the property which a woman held at the time of her marriage, and which was subject to the husband's right to reduce the same to possession for his own benefit, under the common law then in force, the effect of this statute would be to confer on Mrs. White the right to hold to her own separate use, and not subject to the disposal of her husband, all her outstanding promissory notes, bonds and other personal securities for money. had she retained such money, or in lieu thereof taken the notes of other persons than her husband, she might have disposed of them at her own

pleasure, and might have legally parted with her interest in the same to her daughter, the present plaintiff, who might have enforced payment of the same. The difficulty here arises from the character of this note, being a note given by the husband of the promisee for money borrowed of her by him, which was the avails of a portion of the property held by her at the time of her marriage with the defendant. By this transaction she voluntarily parted with the avails of the securities of third persons over which she had control, and received as an equivalent therefor the note of her husband, promising to pay her the amount she so lent to him. The grave question arises upon this state of facts, whether, under *St.* 1857, *c.* 249, the common law had been so far altered that a promissory note, given in 1858 by the husband to his wife, was a valid and legal contract.

We do not perceive that the Gen. Sts. *c.* 108, as to the rights of husband and wife, affect the rights of these parties. The transaction between the defendant and his wife assumed its legal character at the date of the note.

That prior to *St.* 1855, *c.* 304, such a contract between husband and wife was not legally binding upon the parties during their life, or capable of being enforced as respects the survivor of them through an administrator of the party deceased, was fully settled in the case of *Jackson* v. *Parks*, 10 Cush. 550. It had many of the circumstances attending the present case, especially in relation to the source from which the money was derived; and a recovery was much urged upon the ground that the transaction might well be treated as a setting apart by the husband of funds for the benefit of the wife. The legal objections to maintaining such action are fully stated in that case, and I forbear to repeat them here, but refer to it for them.

There is, however, a further distinction between the case of *Jackson* v. *Parks* and the present case, to be considered, arising from the form of the note and the fact that the note was passed from the hands of the wife to the plaintiff as a gift, and to be held by the plaintiff for her own benefit. It was not in the

form of a *donatio causa mortis,* but of an absolute gift. The fact that it was made payable to Melita White or bearer authorizes the action to be brought in the name of any person holding the note as bearer, but this will not give any additional right to maintain this action beyond what existed in the payee, Mrs. White. A note payable on demand, negotiated more than a year after its date, would, independently of the statute, be open in a suit by the bearer to any defence showing it to have been originally void, and without consideration. But to avoid all doubt as to the time in which a note payable on demand shall be open to such defence in the hands of an indorsee or bearer, by *St.* 1839, *c.* 121, and *St.* 1858, *c.* 70, now reënacted in Gen. Sts. *c.* 53, § 10, it was expressly provided that " in any action by an indorsee against the promisor, brought upon a promissory note payable on demand, any matter shall be deemed a legal defence which would be a defence to a suit thereupon if brought by the promisee." The statute uses the word " indorsee " of a note on demand, but under that term is embraced any holder of such note, whether the same passes to him by delivery merely, or by an indorsement by the payee. The case of one holding the same as bearer is within the mischief, and has been directly decided by this court to be within the purview of the statute. *Brooks* v. *Twitchell,* 6 Met. 513. *Lewis* v. *Brooks,* 9 Met. 367.

So far as a mere disability to sue upon a valid contract might exist, a transfer of a note payable on demand might avoid the technical objection, as was held in case of a note given by a mercantile firm, payable to one of their number or his order; and upon an indorsement by the payee, it was held to avoid that objection. *Thayer* v. *Buffum,* 11 Met. 398.

So in the present case, the suit being in the name of a third person may remove the technical objection to a suit by the wife against her husband. But it goes no further. All legal objections to the validity of the contract are fully open here; and if, under the provisions of law then existing, it was true that a husband and wife could not enter into a contract with each other which would be legally binding, then there was no legal

contract entered into by the defendant, and what purported to be a promise to pay money was a mere nullity, and no action can be maintained thereon by anybody.

The remaining inquiry is, therefore, merely as to the effect of *St.* 1855, *c.* 304, and *St.* 1857, *c.* 249, in relation to the rights of married women, and whether they enable the wife to contract with her husband as his creditor, lend him money, take his promissory notes, and deal generally with him as with other persons in the relation of debtor.

This inquiry seems fully and directly met in two recent cases. In *Lord* v. *Parker*, 3 Allen, 129, after a full consideration of this question, this court say, " We cannot perceive in these statutes any intention to confer upon a married woman the power to make any contract with her husband, or to convey to him any property, or to receive any conveyance from him." This decision was fully confirmed in the case of *Edwards* v. *Stevens*, 3 Allen, 315.

It must now be taken to be the settled construction of these statutes, that they do not change the common law as to the legal incapacity of husband and wife to make contracts with each other for the payment of money. The relation of the parties as husband and wife would have been a legal defence in a suit at law brought by the promisee of this note ; and, by force of the statute before cited, it is also a legal defence to any action brought by the bearer or holder of such note.

*Judgment for the defendant.*